## Olive Hill Fire Brick Co. v. Mullins.

(Decided April 18, 1913.)

### Appeal from Carter Circuit Court.

1. Contracts—Evidence of New Contract—Submission of Controversy.—There being some evidence that a new contract was made by which it was agreed that the company would pay the man for hauling who did the hauling, and keep his account separate from the man who did the sawing, the question was properly submitted to the jury.

2. Judgment—When Will Not Be Reversed for Failure to Give Instruction.—A judgment will not be reversed for the failure of the court to give an instruction which was merely the converse of an instruction which the court gave, and could not have affected the result of the trial.

3. Contracts—When Superintendent of Company Has Authority to Make.—The superintendent of a company having charge of its plant and receiving and paying for timber hauled there, has apparent authority to make a contract to pay for the hauling.

4. Judgment—When Not Prejudicial.—A judgment in favor of one of the plaintiffs for the whole sum, when $15 of it should have been adjudged to another plaintiff, is not prejudicial to the defendant against whom no more was adjudged than it owed, both the plaintiffs being bound by the judgment.

THEOBALD & THEOBALD for appellant.

GEORGE W. ARMSTRONG, G. W. E. WOLFFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Olive Hill Fire Brick Company made a contract with Charles Steele by which Steele was to cut in the woods, haul to his mill and saw into timber, certain logs for it at $8 a thousand. Steele made a sub-contract with John Mullins by which Mullins agreed to cut and haul the logs for $5 a thousand. After they had worked along a while, as Mullins claims, the contract was changed, and an agreement was made that the company was to pay him $5 a thousand for cutting and hauling the logs and pay Steele $3 a thousand for the sawing. After Mullins had finished the cutting and hauling, he sought in this suit against the Olive Hill Fire Brick Company to recover $210.01, the balance alleged to be due him. The company denied having made any contract with Mullins and its agent testified that it had paid Steele the money. The proof on the trial showed that Mullins had gotten supplies from Prichard Brothers, to be paid for out of what the company owed him and that when he finished hauling he and Steele and the superintendent of the Brick Company had a conference after which the officer of the company figured up the amount coming to Mullins to be $210.01, and two checks were then made out and delivered to Mullins for the amount. Mullins handed the checks to Prichard, who was present. The officer of the company then wrote out a receipt and asked Mullins to sign it. Mullins refused to sign the receipt, for the reason that it contained some words that he was not willing to agree to; but said that he would sign a receipt for the amount of the checks. Thereupon the agent of the company demanded the return of the checks from Prichard who handed them back to him, and thereafter Mullins brought this suit suing for the benefit of himself and Prichard Bros. The jury to whom the case was submitted found for Mullins. The Brick Company appeals.

It is insisted for the Brick Company that the proof for Mullins is not sufficient to show that there was any change made in the contract. While Mullins' testimony is not very clear, as he cannot read or write, he states that a change was made in the contract and that it was agreed between Steele, the superintendent, and himself, that the superintendent would keep his and Steele's pay separate and pay him $5 a thousand and Steele $3; and that he hauled the lumber under this agreement. J. B. Vincent, a witness for Mullins states that the superintendent told him that they had divided the contract and that Mullins got $5 a thousand for hauling the logs. A.

L. Shay, the clerk of the Brick Company, testifies in substance that it was agreed between the superintendent, Mullins and Steele that Mullins should be paid $5 a thousand for the logs he hauled and that this should be deducted from the amount Steele was to get for the whole contract. We think this testimony in view of the undisputed facts as to the conduct of the parties was sufficient to take the case to the jury, and that the verdict of the jury is not palpably against the evidence.

The court instructed the jury in substance that if they believed from the evidence that the plaintiff, Mullins, and the defendant entered into a contract for the hauling of the timber, and that under the contract between the plaintiff, Mullins, and the defendant, if any, there was a balance coming to the plaintiff, they should find for him. The defendant asked the court to instruct the jury that unless they believed from the evidence that Mullins made a contract with the defendant, and that he performed work for it at the agreed price amounting to the sum named in the petition, they should find for the defendant. There was no dispute between the parties as to the amount of hauling done and no dispute as to the amount due for the hauling. The only question in the case was whether the hauling was done under a contract made between Mullins and the company or under the contract made by Steele and the company; and we do not see that the instruction which the defendant asked could have had any affect on the result of the trial, if it had been given; for the instruction which the court gave presented precisely the same idea.

It is also insisted that there is no proof that Hitchins, the superintendent of the defendant, who, according to the proof of Mullins, made the contract with him, had authority as the agent of the defendant to make a contract for it. But this question appears not to have been presented in the circuit court in any manner on the trial. Hitchins was the superintendent of the plant. He received and paid for the timber; he kept the account; he gave the checks. There was no evidence that he was not authorized to make an agreement changing the contract with Mullins and Steele, and under the facts shown, his authority must be presumed. (New South Brewing Co. v. Shuck, 20 R. 2005). Such a contract is within the apparent scope of the authority of an agent exercising the powers possessed by Hitchins.

Lastly it is insisted that judgment was entered in favor of Prichard Brothers for $210.01 when according to the allegations of the petition, Mullins owed them only $195, and the remainder of the money should have been adjudged to him and not to Prichard Brothers. But the defendant was in no wise prejudiced by this. Mullins is concluded by the judgment and can assert no claim against the defendant for the $15. According to the verdict of the jury the defendant owes the $210.01, and when it pays the amount of the judgment to Prichard Brothers, it will be discharged from further liability.

Judgment affirmed.